## D. R. BASKETT, Admr. et al. v. CHUCKEY BANKING COMPANY.

Eastern Section. September 25, 1925.

No petition for Certiorari was filed.

1. **Appeal and error. Trial court is exclusive judge as to the preponderance of the evidence.**

   The rule that the appellate court will not reverse if there is any material evidence supporting the judgment of the circuit court necessarily makes that court the exclusive judge as to whether and how the evidence preponderates.

2. **Evidence. Under Shannon's Code, section 5560, other writings may be introduced in the evidence for the purpose of comparing a disputed signature.**

   This statute authorizes a comparison of the disputed writing or signature with what is deemed by the trial judge to be the genuine writing or signature of the reputed apparent writer or signer of the disputed paper, for the purpose of either proving or disproving its execution by him, and the comparison may be made by expert witnesses and the writing considered with the opinions of such witnesses as evidence.

3. **Appeal and error. Value and effect of comparison of signature is a question for the jury.**

   In an action involving a disputed signature where genuine signatures are offered for the purpose of comparison and expert witnesses are offered the jury is the sole judge as to the genuineness of the document and as to the correctness of the inferences which the skilled witnesses draw from them. The jury may institute comparison between the disputed writing and specimens which they find to be genuine using the results of their observations as part of the basis of their final judgment.

4. **Appeal and error. Trial judge in trying the case involving a disputed signature may himself make comparisons of hand-writings.**

   In an action involving a disputed signature, tried before the judge without a jury where genuine signatures are offered in evidence for the purpose of comparison, the judge is not precluded from himself making a

comparison of the hand-writing because experts have testified in the case, and he is not compelled to adopt their opinion although they should be respectfully considered.

**5. Appeal and error.   Evidence held sufficient to support the verdict.**
    In an action on a promissory note where the maker denied the signature, and the trial judge tried the case without a jury, and found the signature was in fact genuine, **held** upon the examination of the evidence there was found sufficient evidence to sustain the verdict.

Appeal in Error from Circuit Court, Greene County; Hon. D. A. Vines, Judge.
    Affirmed.
    Susong, Susong & Parvin, of Greeneville, for plaintiffs in error.
    Shoun, Swingle & Milligan, of Greeneville, for defendant in error.

SNODGRASS, J.   This cause originated before a Justice of the Peace for Greene county.   It was a suit to collect a note for $461, dated September 6, 1922, with a contract rate of interest at 8 per cent, signed by J. M. and W. A. Wood, and endorsed and guaranteed by W. H. Baskett, since deceased, and defendant A. T. Bromley.   The makers of the note, the Messrs. Wood and D. R. Baskett, who was and is the administrator and sued as such of W. H. Baskett, made no defense to the suit, and judgment was properly rendered against them.   The defendant A. T. Bromley interposed a plea of non est factum on the trial before the justice, which was sustained and the case dismissed as to him.   From this judgment the plaintiff appealed to the circuit court, where the cause was tried before His Honor, the Circuit Judge, without the intervention of a jury, who found against the plea of the defendant, and found as a fact that the signature of the defendant A. T. Bromley on the note sued upon is, and was, his genuine signature, notwithstanding his positive denial that it was.   The court found that he was liable as an endorser for the amount of the note sued upon, with interest from the date of maturity at the rate of 8 per cent, the contract agreement, and 10 per cent attorney's fee provided for in said note, together with the costs of the cause, and rendered a judgment against said makers and the defendant administrator of W. H. Baskett and said A. T. Bromley, as endorser, for the sum of $461 as principal, $53.11 as interest from maturity to date, and $51.41 as attorney's fee, making a total of $565.52, with costs, as stated.

Motion for a new trial was had and overruled, and the defendant A. T. Bromley has alone appealed to this court, and assigns errors: That

I.

    "There is no proof to support the finding and judgment of the court.

## II.

"The court erred in finding that the proof preponderated in favor of the plaintiff and against the defendant; the proof overwhelmingly preponderates in favor of the defendant and against the plaintiff.

## III.

"The court erred in finding and holding that the signature of the defendant A. T. Bromley on the note sued upon is his genuine signature, notwithstanding his positive denial that it is not his signature—on the entire record, together with certain admitted signatures filed for comparison and the oral testimony. The court should have found and held that the signature of A. T. Bromley on the note is not the genuine signature of A. T. Bromley.

## IV.

"The court erred in making comparison of the admitted signatures with the signature of A. T. Bromley on the note, and in allowing the court's own opinion—admittedly non-expert on comparison of the signatures—to overcome the preponderance of the oral testimony in favor of the defendant and the positive swearing of the defendant denying that he wrote or authorized anyone to write the signature on the note; the court should have held that the positive denial of the defendant, together with the preponderance of the testimony by witnesses familiar with his handwriting, and expert testimony in his favor could not be overcome by the opinion of the court, admittedly not familiar with the defendant's handwriting, and not expert on handwriting, and should, therefore, have held in favor of the defendant.

## V.

"The court erred in overruling defendant's motion for a new trial; it should have sustained said motion and granted defendant a new trial.

## VI.

"The court erred in awarding judgment in favor of plaintiff for the principal of the note and interest, attorney's fees and the costs of the cause."

For convenience the parties will be referred to as they were styled in the court below.

T. A. Vol. II—3.

It will be observed that the only question primarily involved below and here, is one of fact, which the court, having determined, eliminates any question as to whether or not the preponderating evidence supported his conclusion.. The rule that this court will not reverse if there is any material evidence supporting the judgment of the circuit court, necessarily makes that court the exclusive judge as to whether and how the evidence preponderates. His decision as to this question, if it is simply a question as to how the evidence preponderates, is not reviewable in this court. The second assignment is, therefore, not available, and is overruled.

The fourth assignment is also manifestly not well taken. Under the statute, if not otherwise, this character of proof is made evidence and the court authorized to make use of such inspection in forming his judgment upon the case.

"In all the courts in this state comparison of disputed writing or signatures with any writing or signature proved to the satisfaction of the judge to be genuine, shall be permitted to be made by expert witnesses, and such writing or signatures, and the evidence of expert witnesses respecting the same, shall be submitted to the court, or courts, and jury, as evidence of the genuineness, or otherwise, of the writing or signature in dispute." Shannon's Code section 5560.

"Before the enactment of this statute writings other than the one sued on or in dispute, could not be introduced in evidence for the purpose of comparison of the handwriting by the witnesses, the jury or the court, except upon consent of parties." Note 1 under above section and authorities cited.

"But this section had the effect of changing the foregoing rule to the extent indicated by the provisions of the statute, but is to be strictly construed. This statute without doubt authorized a comparison of the disputed writing or signature with what is deemed by the trial judge to be the genuine writing or signature of the reputed or apparent writer or signer of the disputed paper, for the purpose of either proving or disproving its execution by him, though such writings or signatures are otherwise irrelevant, and the statute authorizes the comparison to be made by expert witnesses, and to be considered with the opinions of such witnesses as evidence in the case." Note 8 under above section, citing Franklin v. Franklin, 6 Pickle, 44, 57, 52; Powers v. McKenzie, 6 Pickle, 167, 179, 180.

As to the value, effect and finality of such inspection, Mr. Chamberlayne says:

"The probative force, belief compelling quality, of the inference of the identity of a given writer from the resemblance of the disputed specimen to a mental standard created in the observer, presents a question entirely for the jury. They are

to judge both as to the genuineness of the standardizing documents, and as to the correctness of the inference which the skilled witness draws from them. They may themselves, as has been seen, institute comparisons between the disputed writings and specimens which they find to be genuine, using the results of their observation as part of the basis of their final judgment. Their action must, however, be reasonable.'' Chamberlayne on Evidence, sec. 488, p. 609.

Such inspection may be had here too, but only for the determination of the question in cases like this as to whether or not from the similarity of the writings admitted or found to be genuine with the disputed writings it might reasonably have been determined to be the same.

There is no evidence in the record other than what might have been intimated in the motion for a new trial, which cannot be considered as evidence, that the court decided the case alone upon his opinion made up by his inspection of the writings against what he regarded as the otherwise weight of the evidence; nor is it material for us to consider that in forming his judgment thereon he should be regarded as expert or non-expert. The point is, that in forming his competent judgment upon the whole case, he may take into consideration also the impression formed in his own mind by such an inspection for whatever probative weight it may have in influencing his judgment in the determination of the case; and the only question thereon here is as to the reasonableness of his judgment, which we are likewise to form from such inspection.

On the contrary it appears from the minute entry of the judgment that the case came on to be heard upon the whole record, including the note sued upon, and the plea of non est factum thereto, and the entire record in the justice's court, together with certain admitted signatures of the defendant A. T. Bromley, introduced and filed for comparison on the trial of the above cause, and the oral testimony introduced by the parties on the hearing of the cause, and the entire record, from all of which, after argument of counsel and the matters in controversy being seen and understood by the court, the court is of opinion, and doth find as a fact, that the signature of the defendant A. T. Bromley on the note sued upon is his genuine signature, notwithstanding his positive denial, etc. Even if it did not so appear, in the absence of evidence to the contrary, it would be so held.

"So, upon an assignment of error that the judge, trying a case without a jury, in arriving at his conclusions upon the facts involving a question of the genuineness of an instrument, disregarded the testimony of the plaintiff's witnesses, and relied solely upon his own personal judgment from comparisons

as an expert upon handwriting, it was held that the presumption was that the judge duly considered and weighed all the evidence, and when a case is tried before a judge and the execution of a writing is put at issue, it is the province of the judge to examine and compare all the papers in evidence bearing upon the issue and from such comparison draw his conclusion as to whether the writing is genuine. The judge is not precluded from making, himself, a comparison of the handwriting because experts have testified in the case; he is not compelled to adopt their opinions, although they should be respectfully considered." Millington v. Millington, Tex. Civ. App., 25 S. W., 320, Note 62 L. R. A., p. 868.

The latter clause of said fourth assignment, together with all the other assignments of error, are involved in the first, which is, "that there is no proof to support the finding and judgment of the court."

Considered aside from the evidence to the contrary, we think there was, and is, competent evidence introduced which sustains the judgment, and that is the inquiry here.

Mr. John Prather, cashier of the plaintiff bank, testified that he loaned the money represented by the note to W. H. Baskett, whose name appears thereon as endorser, and that he did not require Baskett to procure the endorsement of Bromley, and would have taken the note with only W. H. Baskett's endorsement; that, however, Baskett offered to give Bromley as an endorser, saying that he had endorsed for Bromley, and for that reason he thought Bromley would for him. Mr. Prather, qualifying as an expert, further testified that he was familiar with the signature of A. T. Bromley, and that in his opinion the signature on the note sued upon is the genuine signature of the defendant; that Baskett, the endorser was dead, and that the Woods, the makers of the note, are insolvent; that he filled out the note in question, which is filed as exhibit in the record, identified by the signature of the trial judge as the note sued on, and referred to for its contents, and delivered it to W. H. Baskett for execution, and that when he returned the note to him it bore the signatures, including that of A. T. Bromley as it now appears.

The signature of W. H. Baskett appears upon the note signed in ink, while that of the defendant is signed in pencil. The signature of Baskett does not bear any resemblance to that of defendant, nor would it indicate that the penman had any ability to duplicate the signature of someone else. Corroborative as to why he might have signed it for Mr. Baskett, it was admitted that Mr. Baskett had signed a note for the defendant. Three other experts testified, substantially, that in their opinion the name signed to the note was the genuine signature of the defendant; and finally the papers

containing such genuine and admitted signatures and the disputed signature, with the opinion of the expert witnesses was submitted to the court, from all of which he was of opinion, and held, that the note bore the genuine signature of the defendant Bromley. Upon an inspection of this note and the signatures thereon as compared with the other signatures admittedly genuine filed in the record, and identified as such by the trial judge, we cannot say otherwise than it might have been so reasonably held to be his genuine signature. There was no reason why under the circumstances as detailed W. H. Baskett should have committed the felony of forgery to obtain this loan. There was, it might seem, no reason why Mr. Bromley should not reciprocate the favor he had received from Baskett, who is now dead and cannot be heard to testify. It appears that the Messrs. Wood, the makers of the note, were at the time of the trial insolvent; and though Mr. Bromley denied that he executed the note, and his testimony was supported by those who say that in their opinion the name appearing on the note as his was not his genuine signature, yet there was a conflict for the court to determine, upon his conscience alone, which he did; and upon the question now presented we find that there is competent material evidence to support the judgment, and it is affirmed, with costs against said Bromley and his securities on the appeal bond.

Portrum and Thompson, JJ., concur.